# SMITH, BUSS & JACOBS, LLP

Attorneys at Law
733 YONKERS AVENUE
YONKERS, NEW YORK 10704
(914) 476-0600
Fax (914) 476-0614
www.sbjlaw.com

JEFFREY D. BUSS
KENNETH R. JACOBS
JACK J. MALLEY
ANTHONY T. SIMARI
THOMAS W. SMITH
DOMENICK J. TAMMARO
--------------
MICHAEL COPPA
NANCY DURAND
KRISTA. HALPIN
RYAN P. HOUCK
RYAN P. KAUPELIS
EMANUELA LUPU
PETER A. NENADICH, JR.
MATTHEW J. SMITH

60 EAST 42ND STREET, SUITE 4600
NEW YORK, NEW YORK 10165
(212) 688-2400
Fax (212) 688-3058

OF COUNSEL:
GERALD KAHN
MICHAEL MAURO
DAVID A. MENKEN
ROBERT A. SPOLZINO
JOANNA M. TOPPING
MARC A. WINSTON
ROBERT W. WOLPER
EDWARD A. SMITH

June 13, 2017

Via First Class Mail and E-filing (ECF)
Hon. Sean H. Lane
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Court Room 701
New York, New York 10004-1408

Re:   In re: Sunrise Cooperative, Inc.
      Case No. 16-12692 (U.S. Bankruptcy Court, SDNY)

Dear Judge Lane:

This firm represents creditor ELUL 1080 Leggett LLC (hereinafter referred to as the "Landlord") in the above-referenced Chapter 11 bankruptcy proceeding. I respectfully request that the Court schedule a continued hearing of the Landlord's pending Motion for Adequate Protection and for Relief from the Automatic Stay (the "Motion" [See Docket Nos. 17 - 28]).

The Landlord initially filed the Motion on November 21, 2016, seeking *inter alia* to lift the automatic stay to the extent permitting the Landlord to evict debtor Sunrise Cooperative, Inc. ("Sunrise") from the property located at 1080 Leggett Avenue, Bronx, NY. Hearings on the Motion were initially held on December 6, 2016 and December 20, 2016, at which the Court granted the Landlord permission to obtain a warrant of eviction, but not to execute upon such warrant. The Court further ordered that the continued hearing of the Motion be adjourned [See Docket No. 30].

Thereafter, the parties repeatedly adjourned the continued hearing of the Motion while they attempted to resolve Sunrise's bankruptcy through a settlement. As your Honor is aware, the parties were unable to come to an agreement. The parties notified the Court that a settlement could not be reached during a telephonic status conference on May 10, 2017. At that time, your

Honor directed any parties who wished to file motions to expeditiously file and schedule a hearing date. Your Honor stated that the Court would hold the continued hearing of the Landlord's Motion on the same hearing date as the other motions.

Over one month has passed since the Court directed the parties to file motions and schedule a hearing date. However, no motions have been filed and no hearing date has been scheduled.

On May 25, 2017, I reached out to counsel for the Sunrise and the Economic Development Corporation (a creditor) to inquire as to when their motions would be filed. In response, Sunrise's counsel advised that they were waiting on approval from Sunrise before filing any motions. Counsel for the EDC did not respond.

Sunrise's counsel has still not confirmed that Sunrise has given approval to file motions or provided a date when motions will be filed, if at all. The Landlord is being prejudiced by the delay of the other parties in filing their motions and scheduling a hearing date at which the Landlord's Motion will also be heard.

As a result of the foregoing, the Landlord respectfully requests that the Court schedule a continued hearing for the Landlord's Motion.

Thank you very much for your consideration in this matter.

Respectfully Requested,

Ryan P. Kaupelis

RPK/ns

cc:   Thomas Califano, Esq. (via ECF)
      Zachary Kass, Esq. (via ECF)
      Brian Masumoto, Esq.(via ECF)
      Steven Spada, Esq. (via ECF)
      Douglas T. Tabachnik, Esq. (via ECF)