

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Jamila Justine Willis
jamila.willis@dlapiper.com
T   212.335.4969
F   212.335.4501

December 8, 2017

The Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    In re Sunrise Cooperative, Inc., Case No. 16-12692

Dear Judge Lane:

This firm represents Sunrise Cooperative, Inc. (the "Debtor"), the debtor in the chapter 11 case currently pending before this Court, *In re Sunrise Cooperative, Inc.*, case no. 16-12692.  Pursuant to the Court's directive at the November 8, 2017 telephonic hearing (the "Hearing"), we write to provide an update on the progress of the case since the date of the Hearing, and to inform the Court of the Debtor's intentions moving forward.

On November 15, 2017, the Court entered the *Order Directing the Removal of Debtor's Property from ELUL 180 Leggett LLC's Premises* [ECF No. 86] (the "Removal Order"), which, among other things, directed ELUL 1080 Leggett LLC ("ELUL") to provide the Debtor access to the premises located at 1080 Leggett Avenue, Bronx, New York (the "Premises") during regular business hours from November 9, 2017 through November 22, 2017 (the "Initial Time Period"), for the purpose of allowing the Debtor to remove the Debtor's Items and Personal Items (as defined in the Removal Order, and collectively, the "Items") from the Premises.  Beyond the Initial Time Period, the Removal Order also set a deadline of December 8, 2017 (the "Deadline") for any and all assets, property or fixtures to be removed, or else be deemed abandoned.

The Removal Order included two separate time frames, the Initial Time Period and the Deadline, which intended to allow for immediate access to the Premises to commence timely removal of the Items and for coordination among the forty different businesses that make up the Debtor cooperative to complete removal of the Items from the Premises.  To that end, it was contemplated by the parties that after the Initial Time Period, the parties would coordinate removal of the remaining Items in the Premises so that all Items would be removed in advance of the Deadline.

Consistent with the Removal Order, the Debtor worked diligently to remove the Personal Items from the Premises, and coordinated support to begin the removal of the larger Debtor's Items.  Initially, the Debtor anticipated no issues with meeting the December 8, 2017 deadline with respect to the Items.

However, subsequent to the entry of the Removal Order, and without prior notice to the Debtor or its counsel, counsel for ELUL notified the Debtor that ELUL will require proof of insurance in order for the Debtor to be granted access to remove the Debtor's Items.  Further, ELUL has read into the Removal



The Honorable Sean H. Lane
December 8, 2017
Page Two

Order an additional requirement that removal of the Personal Items, beyond the Initial Time Period, must be coordinated, on the same day, as removal of the Debtor's Items.

After learning of the insurance requirement, Debtor's counsel contacted counsel to ELUL to request extra time for the Debtor to procure insurance and remove the Items. Pending insurance coverage and because ELUL has requested coordination between the Debtor cooperative's individual businesses, removal of the Personal Items stopped. The Debtor has not been granted access to the Premises since November 22, 2017.

ELUL has agreed to grant the Debtor reasonable access to the Premises beyond the Deadline upon proof of insurance. The Debtor believes it has secured the appropriate insurance to effectuate removal of the Items, and is awaiting confirmation. Assuming such confirmation is received, the Debtor will require an additional two weeks to remove the Items.

Moving forward, the Debtor is preparing for, and intends to commence litigation in an effort to retrieve funds that rightfully belong to the Debtor and its estate, pursuant to the Bankruptcy Code. The Debtor anticipates commencing such litigation in the coming weeks, and will notify the Court with any further updates.

Respectfully Submitted,

**DLA Piper LLP (US)**

Jamila Justine Willis
Associate

JJW

EAST\149112990.5